UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DWAYNE T. FREEMAN,

               Plaintiff,

v.                                  Case No. 17-cv-958-pp

SCOTT ECKSTEIN,
STEVE SCHUELER,
JOHN KIND,
TONIA ROSMARYNOSKI,
CO MARTINEZ,
REBECCA LENZ,
STEVE BOST, and
JEAN LUTSEY,

               Defendants.

## DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2) AND SCREENING THE AMENDED COMPLAINT (DKT. NO. 6)

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. Under that law, the court must screen a plaintiff's complaint to determine whether the plaintiff states claims with which he may proceed. This case currently is assigned to Magistrate Judge David Jones. Because all parties have not had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a district court judge for the limited purpose of screening the complaint. The court will return the case to Magistrate Judge Jones for further proceedings after it enters this order.

The plaintiff filed his complaint on July 11, 2017. Dkt. No. 1. Under certain circumstances, Federal Rule of Civil Procedure 15 allows a plaintiff to amend his complaint once without the court's permission. The plaintiff filed an amended complaint on July 31, 2017, dkt. no. 6; this amended complaint replaced the plaintiff's original complaint. In addition to filing an amended complaint, the plaintiff filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. This decision will resolve the plaintiff's motion and screen the amended complaint.

I. Motion for Leave to Proceed without Prepayment of the Filing Fee

The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On August 1, 2017, Judge Jones ordered that by August 22, 2017, the plaintiff pay an initial partial filing fee of $6.25. Dkt. No. 9. The court received that fee on August 14, 2017. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II. Screening the Plaintiff's Amended Complaint

The law requires the court to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court

2

must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**A. The Plaintiff's Allegations**

The plaintiff alleges that a large puddle of water had collected on his tier's floor. Dkt. No. 6 at 3. He explains that numerous inmates complained to defendants Tonia Rosmarynoski and CO Martinez about the water, but neither

3

of them took any steps to clean up the water or to warn inmates about the slippery floors. Id. at 3-4.

The plaintiff asserts that Rosmarynoski told him and others to "get out of her face" and "lock in their cells." Id. at 4. The plaintiff states that he complied, but that on his way to his cell, he slipped, hit the floor hard and lost consciousness. Id. The plaintiff states that, as he regained consciousness, Rosmarynoski ordered him to get up and stop faking. Id. According to the plaintiff, neither Rosmarynoski nor Martinez "initiated HSU protocol for emergency situation[s];" instead, they continued to yell at him to get up and stop faking. Id.

The plaintiff asserts that he laid on the floor for twenty minutes before he was escorted to health services. Id. An unidentified nurse (who is not named as a defendant) examined him and gave him an ice pack, some over-the-counter medication and a low-bunk restriction. Id. at 4-5. The plaintiff states that this was inadequate to address his pain. Id.

According to the plaintiff, he did not see a doctor for nearly one month, even though many unidentified nurses (who are not named as defendants) saw him during sick call. Id. The plaintiff states that he can't walk normally, is unable to stand up fully, and moves slowly. Id. He states that he has consistent neck and back pain, spasms in his back, migraines and vision problems. Id. The plaintiff asserts that an unidentified doctor (who is not named as a defendant) observed the plaintiff's condition, but that doctor persisted in prescribing the plaintiff over-the-counter medication that was insufficient to

4

address his needs. Id. The plaintiff also asserts that defendant Jean Lutsey was aware of the ineffectiveness of the treatment. Id.

The plaintiff states that months later, he received an MRI, but that he still takes only Tylenol, and no one has referred him to a pain management clinic or specialist. Id. at 6.

The plaintiff also alleges that he attends school at an off-unit location. Id. He explains that inmates have only a few minutes to walk to and from the school from their cell house. Id. The plaintiff asserts that, as a result of his back injury, he walks slowly and he is not able to make the trip in the time allotted. Id. The plaintiff states that Officers Petri and Mr. Pickering (neither of whom are named as defendants) have failed to accommodate his disability. Id. The plaintiff states that Petri has issued him conduct reports for being late. Id.

**B. The Court's Analysis**

The court will dismiss defendant Scott Eckstein, Steven Schueler, John Kind, Rebecca Lenz and Steve Bost. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). In other words, these defendants cannot be held liable merely because of their positions as supervisors. To be liable, they must have been personally involved in the violation of the plaintiff's rights. Although the plaintiff names them in the

5

caption of his complaint, he does not state what they did, or what they failed to do, to violate his rights. The plaintiff has not stated a claim against these defendants.

Prison officials violate the Eighth Amendment when they know of a substantial risk of serious harm to inmate health or safety and they either act or fail to act in disregard of that risk. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). The court will allow the plaintiff to proceed on a deliberate indifference claim against Rosmarynoski and Martinez, based on his allegations that they were deliberately indifferent to his serious medical needs after he slipped and fell. The court also will allow the plaintiff to proceed on a deliberate indifference claim against Lutsey based on his allegations that he complained to her that the over-the-counter medication was inadequate to address his needs. See Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005).

The court will not allow the plaintiff to proceed on a *federal law* claim against Rosmarynoski and Martinez based on his allegations that they knew about the wet floor but refused to clean it up. See Watkins v. Lancor, 558 Fed.Appx. 662, 664 (7th Cir. 2014) (holding that wet floors are not a sufficiently dangerous condition). It will, however, allow the plaintiff to proceed against Rosmarynoski and Martinez on a *state law* negligence claim based on these allegations.

Finally, the court will not allow the plaintiff to proceed on claims against the unidentified nurses, the unidentified doctor, Petri or Pickering. The plaintiff

6

does not identify any of these individuals in the caption of his complaint as defendants, nor does he refer to them in the section of his complaint entitled "Parties." Although courts are to construe a *pro se* plaintiff's allegations broadly, the court cannot name defendants for a plaintiff.

If the plaintiff wants the court to screen his proposed claims against these individuals, he must file an amended complaint identifying them as defendants. Amended complaints replace prior complaints. If the plaintiff decides to file an amended complaint, that amended complaint must contain *all* of the claims he wants to pursue against *all* of the defendants he wants to sue. In other words, he needs to take the court's complaint form (which the court is enclosing with this order), put the word "Amended" in front of the word "Complaint" on the first page, then re-state his claims against the current defendants AND name any additional defendants, as well as explaining what those particular defendants did, or failed to do. If the plaintiff does not know the name of a person he wants to sue, he can refer to them as "John Doe #1," or "Jane Doe #1" (or #2, or #3, depending on how many Doe defendants he names). If the plaintiff files an amended complaint, the court will screen it. If the plaintiff wishes to proceed only on his claims again Rosmarynoski, Martinez and Lutsey, he does not need to take any further action.

III.   Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Scott Eckstein, Steven Schueler, John Kind, Rebecca Lenz and Steve Bost.

The court **ORDERS**, under an informal service agreement between the Wisconsin Department of Justice and this court, the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Tonia Rosmarynoski, CO Martinez and Jean Lutsey.

The court further **ORDERS**, under the informal service agreement between the Wisconsin Department of Justice and this court, defendants Tonia Rosmarynoski, CO Martinez and Jean Lutsey to file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order.

The court **ORDERS** that, if the plaintiff wants to file an amended complaint, he must do so in time for the court to receive it by **October 6, 2017**.

The court further **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $343.75 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identified the payments by the case name and number. If the plaintiff is transferred to another institution, county, state,

or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court **ORDERS** that the parties *may not* begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court further **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court.[1] If the plaintiff no longer is incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises the plaintiff that if he does not timely file pleadings or other documents by the deadlines the court sets, it may result in the dismissal of his case for failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

or other information not being timely delivered, thus affecting the legal rights of the parties.

The court **RETURNS** this case to Magistrate Judge David Jones for further proceedings.

Dated in Milwaukee, Wisconsin this 11th day of September, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**