# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DWAYNE FREEMAN,<br><br>                            Plaintiff,<br>v.<br><br>TONIA ROSMARYNOSKI,<br>ALEJANDRO MARTINEZ, and JEAN<br>LUTSEY,<br><br>                          Defendants. | Case No. 17-CV-958-JPS<br><br>**ORDER** |

Before the Court are two motions filed by the plaintiff, Dwayne Freeman ("Freeman"). First, Freeman asks that the Court reconsider its order denying his second motion for the appointment of counsel. (Docket #37). The motion for reconsideration will be denied.

As noted in the Court's previous orders denying Freeman appointed counsel, *see* (Docket #19 and #24), the Court seeks counsel to represent a plaintiff only if the plaintiff: (1) has made reasonable attempts to secure counsel; and (2) "'the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)). Freeman asserts that his low intelligence and lack of legal background prevent him from competently litigating this case, that his access to legal materials in prison is severely limited, and that he does not know how to use a computer. *See* (Docket #37 at 2–4). The Court previously found that this case does not exceed the plaintiff's capacity to present it, and nothing has changed in the interim to upset that conclusion. Almost every inmate who files a lawsuit asks the

court to appoint him or her a lawyer. Most of them have no legal training, cannot afford a lawyer, and have only limited access to the prison's legal materials. Many of them have mental or medical issues that inhibit in some way their ability to prosecute their cases. The Court simply does not have the resources to provide counsel for everyone who asks; the Court can appoint counsel only in those cases where the issues have become so complicated that the plaintiff cannot explain them himself. Freeman has not shown that to be the case here. His motion for reconsideration of the Court's order denying him appointed counsel will be denied.

Next, Freeman filed a motion to compel discovery. (Docket #38). He asks, first, that the Court compel the defendants to make the initial disclosures described in Federal Rule of Civil Procedure 26(a)(1)(A). *Id.* However, Rule 26 initial disclosures are not required in an "action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]" Fed. R. Civ. P. 26(a)(1)(B)(v). Because this is a case brought by a *pro se* plaintiff in state custody, the defendants need not make Rule 26 initial disclosures.

Freeman also asks that the Court compel the defendants to respond to discovery requests that he sent to them on March 21, 2018. (Docket #38). However, these requests were served too late. The Federal Rules of Civil Procedure outline the process parties must follow to collect discovery from one another. Rule 33 allows a party to serve interrogatories on the other side; Rule 33(b)(2) requires the other side to respond to the interrogatories within thirty days. Rule 34 allows a party to ask the other side to produce documents; Rule 34(b)(2)(A) requires that the opposing party respond to such requests within thirty days. Rule 36 allows a party to serve on the other side requests for admission; Rule 36(a)(3) says that the matter is "admitted

unless, within 30 days after being served," the opposing party serves a written answer or objection.

In this case, if Freeman served his requests on March 21, 2018, as he says he did, the responses to his requests would have been due thirty days later, on April 20, 2018. However, the Court's trial scheduling order set a deadline of April 2, 2018 for the completion of discovery. (Docket #16 at 2). In other words, the discovery process, including defendants' responses to the plaintiff's discovery requests, had to be completed by April 2. Compelling the defendants to respond to Freeman's requests would effectively extend the discovery deadline by several weeks, and as the Court made clear in its trial scheduling order, the deadlines in this branch of the court are firm.

Freeman had five months to serve his discovery requests on the defendants, and the Court will not excuse his tardiness by granting a motion to compel responses to Freeman's eleventh-hour requests.

Accordingly,

**IT IS ORDERED** that Freeman's motion for reconsideration of the Court's order denying him appointed counsel (Docket #37) be and the same is hereby **DENIED;** and

**IT IS FURTHER ORDERED** that Freeman's motion to compel (Docket #38) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 25th day of May, 2018.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge